UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALECIA N., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01813-TAB-JPH |
| | ) | |
| FRANK J. BISIGNANO, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S BRIEF**

## I.      Introduction

Plaintiff Alecia N. appeals the Social Security Administration's denial of her application for disability insurance benefits.  [Filing No. 15.]  The Administrative Law Judge found that Plaintiff had severe impairments but could perform work with restrictions.  [Filing No. 13-2.] Plaintiff argues that the ALJ improperly disregarded medical opinions and failed to adequately explain why she discounted Plaintiff's subjective symptoms and an opinion related to an alleged need for an emotional support animal.  The Commissioner opposes those arguments.  [Filing No. 17.]   However, the record shows that the ALJ failed to build a logical bridge when discounting medical opinions limiting Plaintiff to brief interactions with others.  Accordingly, Plaintiff's request for remand [Filing No. 15] is granted.

## II.      Background

Plaintiff's application for Social Security benefits alleged that she has been disabled since June 21, 2022.  The SSA denied Plaintiff's claims initially and upon reconsideration.  Following a hearing, the ALJ determined that Plaintiff was not disabled under the SSA's five-step method.

1

At step one, the ALJ concluded that, since the alleged onset date, Plaintiff had not engaged in substantial gainful activity.  [Filing No. 13-2, at ECF p. 13.]  At step two, the ALJ concluded that Plaintiff suffered from the following severe impairments: post-traumatic stress disorder, attention deficit hyperactivity disorder, borderline personality disorder, depressive disorder, and anxiety disorder.  [Filing No. 13-2, at ECF p. 13.]  At step three, the ALJ concluded that Plaintiff's impairments did not meet or medically equal a listed impairment in 20 C.F.R. 404, Subpart P, App'x. 1.  [Filing No. 13-2, at ECF p. 14.]  Before step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work.  The ALJ concluded that Plaintiff can perform a full range of work at all exertional levels with the following limitations:

> [T]he claimant can never climb ladders, ropes, or scaffolds.  The work should not require exposure to open flames, or large bodies of water.  She must avoid all use of hazard moving machinery and exposure to unprotected heights.  The claimant is limited to no driving or operating a motorized vehicle to perform functions of the job.  She is limited to simple tasks.  She cannot perform teamwork or work requiring a specific production rate such as assembly line work or work that requires an hourly quota.  The claimant is limited to occasional interaction with the public and occasional interaction with coworkers and supervisors; however, the work should not require direct interaction with the public to perform essential functions of the job.  The claimant is limited to no more than occasional routine workplaces changes.

[Filing No. 13-2, at ECF p. 15.]

At step four, the ALJ concluded that Plaintiff was unable to perform past work, as a medical assistant.  [Filing No. 13-2, at ECF p. 19.]  At step five, the ALJ concluded that, given Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform, including a housekeeping cleaner, merchant marker, laundry worker, mail clerk, document preparer, office clerk, and address clerk.  [Filing No. 13-2, at ECF p. 20-21.]  Ultimately, the ALJ concluded that Plaintiff was not disabled.

III.    **Discussion**

The Court reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence. *See, e.g.*, *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). However, "[t]he court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citation, quotation marks, and brackets omitted). Rather, "it is the role of the Court to ensure that the ALJ builds a logical bridge between the evidence and her conclusions, and that the ALJ meaningfully confronts and explains departure from evidence in the record that would support additional limitations." *Sabrina P. v. Kijakazi*, No. 1:20-cv-02814-TAB-TWP, 2021 WL 6061749, at *3 (S.D. Ind. Nov. 24, 2021).

A.  **Brief interactions opinions**

Plaintiff argues that the ALJ erred by inadequately explaining the RFC's departure from the psychological consultants' opinions limiting Plaintiff to brief interactions. [Filing No. 15, at ECF p. 9-11.] The Commissioner argues that the ALJ did not err because she "found the term 'brief' to be of little persuasiveness" and "considered the record as a whole in finding that Plaintiff could have occasional interaction with others." [Filing No. 17, at ECF p. 5.] An ALJ's weighing of medical opinions must be supported by substantial evidence. *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022). Federal regulations outline several factors that an ALJ may consider when weighing medical opinions—the most important of which are supportability and consistency. 20 C.F.R. § 404.1520c(a)-(c). In the present case, the ALJ failed to articulate sound

reasoning or meaningfully consider any regulatory factor when departing from the consultants' brief interactions opinions.  Therefore, remand is warranted.

The ALJ rejected part of Dr. Maura Clark's opinion based on an unjustifiably strict preference for SSA-approved terminology and an erroneous assertion that the word "brief" cannot be used in an RFC because it is supposedly too vague.  Dr. Clark, an agency psychological consultant, reviewed the record and opined that, among other limitations, Plaintiff was only "able to respond appropriately to brief supervision and interactions with coworkers and work situations." [Filing No. 13-2, at ECF p. 19.]  The ALJ's decision initially states that Dr. Clark's opinion is persuasive and supported by objective evidence, including documentation of an anxious mood, labile or flat affect, and fleeting eye contact.  After that discussion, the ALJ's decision provides the following non-substantive basis for limiting Plaintiff to occasional, as opposed to brief, interactions in the RFC:

> The term "brief" is vague, ambiguous, undefined by the user, and not a SSA regulatory vocational term to evaluate functional capacity for work.  Therefore, the undersigned finds this term to be of little persuasiveness.  However, considering the context in which the term "brief" was used, that is, the statements describing the claimant's capacity to interact with others, and considering the record as a whole, the undersigned finds that the record supports that the claimant can manage occasional interactions with others, "occasional" being a defined, regulatory term, and such interactions as further delineated in the residual functional capacity finding, herein.

[Filing No. 13-2, at ECF p. 19.]

This explanation does not provide meaningful insight as to why the ALJ disagreed with the brief interactions component of Dr. Clark's opinion or how the ALJ determined that Plaintiff was capable of occasional, as opposed to brief, interactions.  The ALJ's explanation does not identify any evidence undermining the opinion or supporting the RFC, nor does it address any

4

C.F.R. § 404.1520c factor for assessing the persuasiveness of medical opinions. Rather, it rejects Dr. Clark's brief interactions limitation solely based on her word choice.

SSA regulations do not require agency consultants to express opinions in SSA-defined terminology. *John F. v. Kijakazi*, No. 1:21-cv-01104-MJD-JRS, 2022 WL 1564533, at *3 n.4 (S.D. Ind. May 17, 2022) (citing 20 C.F.R. § 404.1519n). It is improper to discount an examiner's opinion on this basis. *See Jennifer S. v. Bisignano¸* No. 1:24-cv-13045, 2026 WL 879702, at *4-5 (E.D. Ill. Mar. 30, 2026) (remanding where an ALJ discounted an examiner's opinion due to the use of purportedly "vocationally [ir]relevant" terms). Furthermore, Plaintiff correctly asserts that "[t]he ALJ's reasoning is internally inconsistent." [Filing No. 15, at ECF p. 9.] The ALJ rejects the "brief" interactions limitations because SSA regulations do not define "brief." Yet, the ALJ's RFC contains other limitations undefined by the SSA, such as the limitation on "teamwork." While the Court finds neither "brief" nor "teamwork" confusing or problematic, the ALJ's inconsistent and arbitrary prohibition on non-SSA-defined terminology evidences her failure to construct a logical bridge in the handling of this opinion.

Contrary to the ALJ's assertion, "brief" has a distinct meaning, which cannot be summarily disregarded. As Plaintiff notes, courts in this district have defined "brief" in the context of social limitations on several occasions and found it to have a separate meaning than "occasional." *See William B. v. Bisignano*, No. 1:25-cv-00383-JMS-TAB, 2025 WL 3166190, at *5 (S.D. Ind. Nov. 12, 2025) (interpreting "brief" as referring to the "length of each interaction"); *Melissa A. v. Kijakazi,* No. 1:21-cv-00875-JPH-TAB, 2022 WL 1303404, at *3 (S.D. Ind. Mar. 17, 2022*) report and recommendation adopted sub nom. Melissa A. v. Kijakazi*, 2022 WL 2079224 (S.D. Ind. June 9, 2022) (adopting a dictionary definition of "brief" as meaning "short

in duration, extent, or length").  Thus, the ALJ's claim that "brief" is vague or otherwise ineffectual in the vocational context does not pass muster.

In *William B.*, this Court remanded where an ALJ found opinions restricting the claimant to brief interactions persuasive but only limited the claimant to occasional interactions in the RFC.  2025 WL 3166190, at *3-5.  The Court found that "an 'occasional' interactions limitation is not the same as a 'brief' interactions limitation."  *Id.* at *5.  It interpreted "occasional" to refer to "the number of interactions during a work shift" and "brief" to refer to "the length of each interaction."  *Id.*  An RFC need not reiterate the language of a medical opinion, but an ALJ, who finds a brief interactions opinion persuasive and consistent with the record, must explain why she chose an occasional interactions limitation, despite the opinion.  *Id.*  Because the ALJ failed to do so, the Court remanded, requiring the ALJ to reconsider and adequately explain the occasional interactions limitation in the RFC.  *Id.* at *5-6.  Plaintiff cites additional cases remanding decisions that failed to adequately justify the discrepancy between an opinion limiting a claimant to brief interactions and an RFC's occasional interactions limitation.  [Filing No. 15, at ECF p. 10-11 (citing *Melissa A.*, 2022 WL 1303404; *George S. v. Kijakazi,* No. 1:22-cv-169-JVB, 2023 WL 3436712, at *3-4 (N.D. Ind. Apr. 21, 2023); *Kimberly C. v. O'Malley*, No. 23-cv-01452, 2025 WL 2831050 (N.D. Ill. Jan. 6, 2025)).]

The Commissioner's response brief does not discuss or attempt to distinguish these cases.  Instead, it argues that the ALJ adequately supported the RFC.  The Commissioner cites *Langley v. O'Malley*, No. 22-3008, 2024 WL 3649021 (7th Cir. Aug. 5, 2024), for the proposition that "remand is not warranted merely because the RFC assessment did not track the exact language used by a single reviewing psychologist."  [Filing No. 17, at ECF p. 5-6.]  The Commissioner is correct that "an ALJ has some latitude with the exact wording of an RFC as long as it conveys in

some way the restrictions necessary to address a claimant's limitations." *See Recha v. Saul*, 843 F. App'x. 1, at *4 (7th Cir. 2021). However, the RFC "must account for the 'totality of a claimant's limitations.'" *Id.* (quoting *Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020)). In the present case, the ALJ's RFC fails to do this. Brief and occasional are not interchangeable. "Limiting Plaintiff to brief interactions may well preclude jobs the [vocational expert] said Plaintiff could perform, and that the ALJ noted in [the] decision." *Melissa A.*, 2022 WL 1303404, at *3. Such errors are not harmless. *See Id.* at *4 ("And the ALJ's failure to accurately account for all of Plaintiff's limitations means this error is not harmless.").

Moreover, the Commissioner's reliance on *Langley* is misplaced. Unlike the present case, the RFC in *Langley* included a brief interactions limitation. In *Langley*, the medical consultants opined that the claimant could "respond appropriately to *brief* supervision and interactions with coworkers and work situations." 2024 WL 3649021, at *3 (emphasis added). The ALJ assessed an RFC limiting the claimant to "no more than occasional, *brief* interaction with the general public, coworkers, and supervisors." *Id.* (emphasis added). The Seventh Circuit found that the RFC "closely echoed" and was more restrictive than the medical consultants' assessment and rejected the claimant's argument that the ALJ must explicitly explain the slight deviation from the wording of the opinions. *Id.* at *4. An ALJ may paraphrase an opinion in the RFC without explaining her choice of words, but an ALJ must explain why an RFC's actual limitations substantively depart from an opinion. In the present case, the ALJ's decision does not provide any insight as to the evidentiary basis or rationale used when concluding that Plaintiff can occasionally interact with others. As such, the decision does not allow the Court to "'assess the validity of the agency's ultimate findings and afford [Plaintiff] meaningful judicial review.'"

*Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014)).

Additionally, Plaintiff argues that the ALJ similarly erred in her assessment of the opinion of Joelle Larsen, Ph.D.  Dr. Larsen opined that Plaintiff can understand, carry out, and remember simple instructions; make judgments commensurate with functions of simple repetitive tasks; respond appropriately to brief supervision and interactions with coworkers and work situations; and deal with changes in a routine work setting.  [Filing No. 13-2, at ECF p. 18.]  This opinion is the same as Dr. Clark's.  Yet, the ALJ assessed Dr. Larsen's opinion as "partially persuasive" and Dr. Clark's indistinguishable opinion as "persuasive," except the brief interactions portion discussed above.  [Filing No. 13-2, at ECF p. 18-19.]  The ALJ failed to articulate why she weighed identical opinions differently.  Such inconsistencies further demonstrate the lack of a logical bridge in the assessment of these opinions.

In sum, the ALJ's failure to accurately account for all limitations or adequately explain the RFC's deviation from the brief interactions opinions warrants remand.  Upon remand, the ALJ shall further consider and discuss the opinions of Drs. Clark and Larsen and the RFC's limitations.

### A.  Remaining Issues

#### a.  Need for an emotional support animal

Plaintiff argues that the ALJ erred in evaluating a letter from Plaintiff's family medicine provider, Dr. Laura Purdy, regarding Plaintiff's emotional support cat.  Plaintiff argues that "Dr. Purdy said that [Plaintiff] needed her cat with her not just at home but in restaurants, stores, hotels, trains, buses, and ride share services—basically whenever she went out in public" and that the ALJ failed to adequately explain why the RFC did not contain the admittedly "unusual"

limitation that Plaintiff needs a her cat whenever in public.   [Filing No. 15, at ECF p. 13-14.] However, as the Commissioner argues, substantial evidence supports the ALJ's evaluation of an emotional support animal ("ESA").  [Filing No. 17, at ECF p. 6.]  Additionally, any failure to include a companion animal in the RFC is harmless because there is no evidence that an ESA was medically necessary or required for Plaintiff to work.  *See Tiffany B. v. Kijakazi*, No. 1:20-cv-02696-DLP-JMS, 2022 WL 224817, at *6-7 (S.D. Ind. Jan. 26, 2022) (finding that a provider's letter recommending an ESA was insufficient to show that an ESA was medically necessary for work).

Dr. Purdy drafted three letters regarding this issue—each dated July 9, 2022.  One letter is addressed to Plaintiff and states that Dr. Purdy approved Plaintiff to have an ESA due to her high stress levels and that Dr. Purdy was enclosing copies of "ESA approval letters for both housing and travel."  [Filing No. 13-7, at ECF p. 11.]  The second and third letters are addressed "to whom it may concern" and authorize Plaintiff to travel and live with her cat.  The second letter authorizes Plaintiff to have her cat "in the cabin of the aircraft, in accordance with the Air Carrier Access Act (49 U.S.C. 41705 and 14 C.F.R. 382)."  [Filing No. 13-7, at ECF p. 12.]  The third letter states that Plaintiff should be allowed to live with her cat "under the United States Fair Housing Amendment Act of 1988" and that "[i]t is also recommended that [Plaintiff] be allowed to have their pet with them at restaurants, stores, hotels, trains, buses and ride shares."  [Filing No. 13-7, at ECR p. 13.]  The ALJ addressed Dr. Purdy's opinion and concluded that Plaintiff's emotional support cat was not medically necessary.  [Filing No. 13-2, at ECF p. 19.]  In support, the ALJ noted that Dr. Purdy's recommendation falls short of requiring an ESA for work purposes and that Plaintiff worked in 2023 without a cat.

The ALJ's assessment is consistent with the evidence.  Moreover, Plaintiff's argument in favor of an ESA restriction in the RFC ignores the context of the letters, which clearly pertain only to housing and travel.  In short, Plaintiff failed to meet her burden of proof to put forth evidence that she requires an ESA in the workplace.  *See* 20 C.F.R. § 404.1512(a).

### b.  Evaluation of subjective symptoms

Finally, Plaintiff argues that the ALJ erred in assessing Plaintiff's subjective symptoms. [Filing No. 15, at ECF p. 14-16.]  However, courts give great deference to an ALJ's assessment of subjective symptoms and may only overturn this finding where "patently wrong, which means that the decision lacks any explanation of support." *Hess v. O'Malley*, 92 F.4th 671, 679 (7th Cir. 2024) (internal citation and quotation marks omitted); *see also Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (giving an ALJ's credibility finding "special deference").  Additionally, an ALJ "need not address every piece or category of evidence." *See Warnell*, 97 F.4th at 1053. Plaintiff has not identified a reversible error in the ALJ's assessment of Plaintiff's subjective symptoms.

The ALJ concluded that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms are inconsistent with the evidence and supported this assessment with a detailed discussion of the evidence.  [Filing No. 13-2, at ECF p. 17.]  Plaintiff has not persuaded the Court that the ALJ's assessment of her subjective symptoms is patently wrong.  Rather, the Court finds the Commissioner's argument compelling and incorporates the discussion contained in the Commissioner's response brief.  [Filing No. 17, at ECF p. 8-10.] Furthermore, Plaintiff emphasizes symptoms related to attendance, timeliness, and persistence but fails to propose specific additional limitations warranted by such subjective symptoms.  *See Jozefyk v. Berryhill*, 923 F.3d 492, 497-98 (7th Cir. 2019) ("[E]ven if the ALJ's RFC assessment

were flawed, any error was harmless" because "[i]t is unclear what kinds of work restrictions might address [the claimant's] limitations . . . because he hypothesizes none.").  Of course, the ALJ is free to consider this issue further upon remand.

**IV.    Conclusion**

The ALJ failed to construct a logical bridge between the agency consultants' opinions and the RFC's social limitations.  Accordingly, Plaintiff's request for remand [Filing No. 15] is granted.

Date:  7/22/2026

_____

Tim A. Baker
 United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email